# U.S. BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

**Gregory Leverton,**

    Debtor.

**Susan Smith,**

    Plaintiff,

  v.

**Gregory Leverton,**

    Defendant.

In Chapter 7 proceedings

Case No.: 13-bk-00908-DPC

Adversary No.: 2:13-ap-00232-DPC

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

(Not for Publication- Electronic Docketing ONLY)

Plaintiff Susan Smith ("Plaintiff") filed a motion to reconsider the Court's order granting partial summary judgment to Defendant under §§ 523(a)(4) and (a)(6). Debtor, Defendant Gregory Leverton ("Defendant"), also filed a motion to reconsider the Court's partial denial of summary judgment under § 523(a)(2)(A) and the Court's denial of summary judgment under §§ 523(a)(4) and (a)(6). The Court now denies both motions.

## I. Facts and Procedural Background

In 2000, Plaintiff's husband was killed by a drunk driver. Plaintiff received $500,000.00 from the subsequent lawsuit and insurance proceeds. In 2004, Plaintiff used $310,000.00 of those funds to purchase a new beach house (the "Beach House"). Also in 2004, Plaintiff and Defendant met on match.com and began dating. By 2005 Plaintiff and Defendant's relationship developed and they jointly purchased a house in Maryland (the "Carrbridge Property"). That same year, Plaintiff and Defendant jointly purchased a

1

construction company ("Acme"). To finance the purchase, Plaintiff used the Beach House as collateral for a 30 year Wells Fargo loan in the amount of $320,000.00 (the "Wells Fargo Loan"). Plaintiff and Defendant are guarantors of the Wells Fargo Loan. Plaintiff and Defendant orally agreed between themselves that Acme's profits would be used to make payments on the Wells Fargo Loan.

In 2007, the relationship between Plaintiff and Defendant began to deteriorate. On October 26, 2007, Defendant agreed to sign a promissory note (the "2007 Note") obligating Defendant to pay off the remaining balance of the Wells Fargo Loan, $293,616.00, by December 31, 2008.

Defendant did not pay off the Wells Fargo Loan by December 31, 2008. Consequently, Plaintiff sued Defendant in Maryland State Court for breaching the 2007 Note. At that time, Defendant continued to make the minimum payments on the Wells Fargo Loan. While the Maryland State Court litigation was pending, Plaintiff and Defendant sold the Carrbridge Property. After the sale of the Carrbridge Property, Defendant stopped making payments and defaulted on the Wells Fargo Loan. As a result, Plaintiff's Beach House was sold in 2011. Defendant agreed to a consent judgment where Defendant agreed to pay Plaintiff $300,000.00 to resolve all claims that Plaintiff had against Defendant under the 2007 Note (the "Consent Judgment").

In 2013, Defendant filed for bankruptcy. Plaintiff filed an Adversary Complaint seeking to declare her claims non-dischargeable under §§ 523(a)(2)(A), (a)(4), and (a)(6), and to deny his discharge under § 727.

With respect to the Wells Fargo Loan, Plaintiff alleges her claims are non-dischargeable under § 523(a)(2)(A) because Defendant obtained the Wells Fargo Loan by

lying to Plaintiff when he told her that that he loved her. Plaintiff also alleges that her claim is non-dischargeable under § 523(a)(4) because Plaintiff embezzled the proceeds of the Wells Fargo Loan. Plaintiff further argues under § 523(a)(6) that Defendant willfully and maliciously caused the loss of the Beach House by not paying the Wells Fargo Loan.

With respect to the 2007 Note, Plaintiff alleges her claims are non-dischargeable under §§ 523(a)(2)(A), (a)(4), and (a)(6) because Defendant defrauded Plaintiff since he knew that he could not make the payments required for the 2007 Note.

With respect to the Consent Judgment, Plaintiff alleges her claims are nondischargeable under §§ 523(a)(2)(A), (a)(4), and (a)(6) because Defendant defrauded Plaintiff when he entered into the Consent Judgment, never intending to pay the Consent Judgment.

Defendant filed a motion for summary judgment and Plaintiff filed a cross-motion for summary judgment. At the May 6, 2014 oral argument on these motions, the Court granted summary judgment in favor of Defendant with respect to the Wells Fargo Loan because Plaintiff admitted that Defendant did not make misrepresentations in 2005 when the loan was executed. Plaintiff, therefore, did not have claims under §§ 523(a)(2)(A), (a)(4), or (a)(6) relevant to the Wells Fargo Loan. The Court denied Plaintiff's motion for summary judgment with respect to the 2007 Note and Consent Judgment because the Court found Defendant's intent was an issue to be determined at trial. Defendant's motion for summary judgment with respect to the 2007 Note argued that the 2007 Note lacked consideration and, therefore, Plaintiff's non-dischargeable claims fail. The Court denied Defendant's motion for summary judgment with respect to the 2007 Note because Defendant was collaterally estopped from raising a defense based on the enforceability of

the 2007 Note since the 2007 Note was reduced to judgment in the 2012 Consent Judgment. Both Plaintiff and Defendant filed motions for reconsideration which were argued before this Court on June 10, 2014.

**II. Discussion**

A motion for reconsideration is treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59. *US v. Compressive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008). There are three grounds for granting a motion for reconsideration: (1) newly discovered evidence; (2) if the court commits clear error or the decision is unjust; or (3) an intervening change in law. *Zimmerman v. Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *see McDowell v. Calderon*, 197 F.3d 1253, 1255-56 (9th Cir. 1999). Where the movant contends that the court has committed clear error it must be beyond a merely debatable error. *McDowell*, 197 F.3d at 1255 (9th Cir. 1999). Moreover, a motion for reconsideration should not "ask a court to rethink what the court has already thought through, rightly or wrongly." *Norris v. Arizona*, 2008 WL 906823, *1 (D. Ariz. 2008) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

    a. Wells Fargo Loan

Plaintiff's motion for reconsideration argues that the Court erred in requiring a misrepresentation under §§ 523(a)(2)(A), (a)(4), and (a)(6).

    *i. Section 523(a)(2)(A)*

The Court did not err in granting summary judgment in favor of Defendant regarding Plaintiff's § 523(a)(2)(A) claim concerning the Wells Fargo Loan. Section 523(a)(2)(A) requires five elements:

4

> (1) that the debtor made a representation; (2) the defendant knew at the time the representation was false; (3) the debtor made the representation with the intention and purpose of deceiving the creditor; (4) the creditor relied on the representation; and (5) the creditor sustained damage as the proximate result of the representation.

*In re Apte*, 96 F.3d 1319, 1322 (9th Cir. 1996) (citing *In re Eashai*, 87 F.3d 1082, 1086 (9th Cir. 1996); *In re Britton*, 950 F.2d 602,604 (9th Cir. 1991)). Plaintiff conceded in her deposition that there were no false representations made at the time of the Wells Fargo Loan. The Court did not err in finding that her § 523(a)(2)(A) claim fails because no misrepresentation was made by Defendant.

### ii. Section 523(a)(4)

The Court also did not err in granting summary judgment in favor of Defendant regarding Plaintiff's § 523(a)(4) claim concerning the Wells Fargo Loan. Section 523(a)(4) excepts from discharge debts that are the result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). To succeed under a § 523(a)(4) claim, a plaintiff must show "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which it was entrusted; and (3) circumstances indicating fraud." *In re Littleton*, 942 F.2d 551, 555 (9th Cir. 1991).

Courts in the Ninth Circuit disagree whether misrepresentation is required to establish "circumstances indicating fraud" under § 523(a)(4). The court in *Long* found it appropriate to analyze "circumstances indicating fraud" by turning to the common law requirements of fraud, which requires misrepresentation. *See In re Long*, 2009 WL 7751422, *12-13 (BAP 9th Cir. 2009) (determined whether there were "circumstances indicating fraud" by analyzing the fraud element in common law of larceny); *Restatement (Second) of Torts § 537* (1977) (requiring misrepresentation as an element of fraud); *see In re Apte*, 96 F.3d at 1324 (using *Restatement (Second) of Torts* as the proper "distillation of the common law"); *see In re Wada*, 210 B.R. 572, 577 (1997 9th Cir. BAP) (based finding of "circumstances indicating fraud" on the debtor's misrepresentation). But, other courts have found that a misrepresentation is not necessary

5

for "circumstances indicating fraud." *See e.g. In re Campbell*, 490 B.R. 390, 403-4 (Bankr. D. Ariz. 2013); *In re Day*, 2012 WL 4627484, *12 (Bankr. D. Ariz. 2012).

Because case law cuts both ways within the Ninth Circuit on the issue of whether a misrepresentation is necessary to find "circumstances indicating fraud," the court's finding that a misrepresentation is needed to establish a § 523(a)(4) claim was not clear error. Moreover, this Court will follow the BAP's Wada decision where there is no contrary decision from the District Court for the District of Arizona. Plaintiff's motion for reconsideration is denied on this issue.

### iii. Section 523(a)(6)

The Court did not err in granting summary judgment in favor of Defendant regarding Plaintiff's § 523(a)(6) claim concerning the Wells Fargo Loan. Section 523(a)(6) excepts from discharge debts that are the result of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). An injury is willful if "it is shown either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001). An injury is malicious if it is "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Id.* at 1209 (citation omitted). Further, the act must be tortious and not a mere breach of contract. *Id.* at 1204-6. To determine if conduct is tortious, the Court must look to state law. *Id*; *Lockerby v. Sierra*, 238 F.3d 1202, 1043 (9th Cir. 2008). This Court must look to Maryland law to determine whether Defendant's alleged conduct was tortious.[1]

---

[1] Bankruptcy courts should apply federal choice of law rules. *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995) ("In federal question cases with exclusive jurisdiction in federal court, such as bankruptcy, the court should apply federal, not forum state, choice of law rules"). Federal choice of law rules require courts to apply the laws of the state that has the most significant relationship to the parties and transactions at issue.

Plaintiff is correct in so far as a misrepresentation is not a required element for all tortious conduct supporting a § 523(a)(6) claim. However, a misrepresentation is required under § 523(a)(6) when the tortious act alleged is fraud.[2] *Nails v. S & R, Inc.*, 639 A.2d 660, 668-69 (Md. 1994); *see also Ellerin v. Fairfax Sav., F.S.B.*, 652 A.2d 1117, 1125-6 (Md. 1995) (discussing willful and malicious fraud). Therefore, because Plaintiff's §523(a)(6) claim is based on an alleged misrepresentation (i.e. the tortious act referred to in *Jercich*) and Plaintiff concedes that no such misrepresentation exists. The Court properly granted summary judgment in favor of Defendant. Plaintiff's motion for reconsideration is denied on this issue.

### b. 2007 Note and Consent Judgment

Defendant argues in his motion for reconsideration that the Court erred in denying summary judgment with respect to Plaintiff's § 523(a)(2)(A) claim relevant to the 2007 Note because, regardless of the enforceability of the 2007 Note, he did not obtain an extension, renewal, or refinance by executing the 2007 Note. Defendant also contends the Court erred in denying his motion for summary judgment with respect to Plaintiff's §§ 523(a)(4) and (a)(6) claims relative to the 2007 Note and Consent Judgment. Defendant

---

*In re Miller*, 292 B.R. 409, 413-14 (9th Cir. BAP 2003). In this case Maryland state law governs. All of the transactions in the case—the Wells Fargo Loan, 2007 Note, and Consent Judgment—occurred in Maryland. Further, Maryland is where both parties lived when the events at issue took place.

[2] Despite Plaintiff's assertion that her § 523(a)(6) claim is based on an act of conversion, the Court has reviewed Plaintiff's Amended Complaint and finds that her claim alleges a misrepresentation. Paragraph 65 of the Amended Complaint states that Defendant made misrepresentations to Plaintiff regarding the proceeds of the Wells Fargo Loan; paragraph 66 states that Plaintiff relied on the misrepresentations; and paragraph 67 states that the misrepresentations were made "with the intent to hinder, delay, or defraud Smith." (*See* Plaintiff's Amended Complaint ¶66-68). Only in Plaintiff's motion for summary judgment does Plaintiff's claim take on a character that resembles conversion. In Plaintiff's motion for summary judgment she argues that Defendant took "control" of the Beach House. Plaintiff may not adjust her characterization of her § 523(a)(6) claim in her motion for summary judgment in order to overcome shortcomings in the Amended Complaint. *See Wasco Prods., Inc. v. Southwall Tech., Inc*., 435 F.3d 989, 992 (9th Cir. 2006) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings").

maintains that, because the §§ 523(a)(4) and (a)(6) claims in the Amended Complaint only mention the Wells Fargo Loan, summary judgment should be awarded on the 523(a)(4) and (a)(6) claims with respect to the 2007 Note and Consent Judgment.

*i. Section 523(a)(2)(A)*

The Court properly denied Defendant's motion for summary judgment relating to the 2007 Note and § 523(a)(2)(A) because the 2007 Note was a refinance of the Wells Fargo Loan. Section 523(a)(2)(A) exempts a debt from discharge for "money, property, services, or an extension, renewal or refinance of credit to the extent *obtained by*" fraud. 11 U.S.C. § 523(a)(2)(A) (emphasis added). A refinance is "[a]n exchange of an old debt for a new debt as by negotiating a different interest rate or *term* or by repaying the existing loan with money acquired from a new loan." *Black's Law Dictionary*, Refinancing (9th ed. 2009) (emphasis added).[3] A refinance may also "arrange for a new payment schedule." *In re Biondo*, 180 F.3d 126, 132 n.5 (4th Cir. 1999) (quoting *Black's Law Dictionary* § 1296-7 (6th ed. 1990)). The critical aspect of a refinance is "whether the terms of the debt are so substantively different as to constitute a new obligation, which, at least in part, extinguishes a preexisting debt." *In re Biondo*, 180 F.3d at 133.

In this case, the 2007 Note was a refinance because it shortened the term of the Wells Fargo Loan. The 2007 Note is also so substantially different from the Wells Fargo Loan that it constitutes a new obligation which extinguishes the preexisting debt.[4] The 2007 Note creates a new obligation because it requires Defendant to pay Plaintiff directly rather than Wells Fargo. The 2007 Note also "in part extinguishe[d]" the preexisting debt

---

[3] The Bankruptcy Code does not define the term refinance so use of a common definition is appropriate. *In re Biondo*, 180 F.3d 126, 131 (4th Cir. 1999); *see In re Lewis*, 97 F.3d 1182,1186 (9th Cir. 1996) (using dictionary to define terms in §523).

[4] The 2007 Note extinguished the preexisting debt owed by Defendant to Plaintiff, not by Defendant to Wells Fargo.

8

Case 2:13-ap-00232-DPC    Doc 98    Filed 07/25/14    Entered 07/25/14 12:44:13    Desc
Main Document    Page 8 of 10

by effectively decreasing the payment term. Although the refinance under the 2007 Note may not have been preferable for Defendant, a refinance does not have to be beneficial or valuable. *See Cohen v. de la Cruz*, 523 U.S. 213, 221, 118 S.Ct. 1212, 1218 (1998); *Muegler v. Bening*, 413 F.3d 980, 983-4 (9th Cir. 2005).

The Court also disagrees with Defendant's argument that there could be no refinance where there was not an initial finance relationship between Plaintiff and Defendant. Plaintiff and Defendant each had a right to contribution from each other when they executed the Wells Fargo Loan. Had Plaintiff paid the entire balance of the Wells Fargo Loan then Defendant would be obligated to pay his equitable share of that loan. *Shepter v. Johns Hopkins University,* 637 A.2d 1223, 1229 (Md. 1994) ("contribution between joint obligors is part of the common law of [Maryland]"); *Lyon v. Campbell,* 596 2d. 1012, 1014 (Md. 1991) (finding that contribution is "frequently exercised in cases of co-guarantors of a debt"); *see e.g. Hooper v. Hooper*, 31 A. 508, 511 (Md. 1895) (right of contribution applied to co-guarantors). The parties agreed that Defendant would pay off the Wells Fargo Loan in its entirety from the first available profits of Acme. The Court did not err in denying Defendant's motion for summary judgment with respect to Plaintiff's § 523(a)(2)(A) claim based on the 2007 Note.

*ii. Sections 523(a)(4) and (a)(6)*

Defendant's motion for reconsideration seeking summary judgment regarding §§523(a)(4) and (a)(6) are also denied. Plaintiff's complaint does not specifically reference the 2007 Note or Consent Judgment in her §§ 523(a)(4) and (a)(6) counts. However, Plaintiff does incorporate "by reference all of the allegations contained in the foregoing paragraphs" of the complaint in her §§ 523(a)(4) and (a)(6) claims. The

9

Case 2:13-ap-00232-DPC    Doc 98    Filed 07/25/14    Entered 07/25/14 12:44:13    Desc
Main Document    Page 9 of 10

complaint, therefore, indirectly mentions the 2007 Note and Consent Judgment since it was an allegation pled at paragraphs 26, 29, 30, 34, 37, 38, and 39 of the Amended Complaint. Furthermore, Plaintiff specifically alleges fraud regarding the Consent Judgment and the 2007 Note at paragraph 51. The Court did not err in denying Defendant's motion for summary judgment with respect to Plaintiff's §§ 523(a)(4) and (a)(6) claims relevant to the 2007 Note and Consent Judgment.

### III. Conclusion

For the foregoing reasons, the Court denies both Plaintiff's and Defendant's motions for reconsideration.

**So ordered.**

---

DANIEL P. COLLINS
CHIEF UNITED STATES BANKRUPTCY JUDGE

JODY A. CORRALES, ESQ.
GUST ROSENFELD
ONE S. CHURCH AVENUE, SUITE 1900
TUCSON, AZ 85701

LAWRENCE D. HIRSCH, ESQ.
PARKER SCHWARTZ, PLLC
7310 N 16TH ST #330
PHOENIX, AZ 85020